**Rule 123. Application for Relief.**

(a) *Contents of applications for relief.*—Unless another form is elsewhere prescribed by these rules, an application for an order or other relief shall be made by filing a written application for such order or relief with proof of service on all other parties. The application shall contain or be accompanied by any matter required by a specific provision of these rules governing such an application, shall state with particularity the grounds on which it is based, and shall set forth the order or relief sought. If an application is supported by briefs, verified statements, or other papers, they shall be served and filed with the application. An application may be made in the alternative and **[pray for]seek** such alternative relief or action by the court as may be appropriate. All grounds for relief demanded shall be stated in the application and failure to state a ground shall constitute a waiver thereof. Except as otherwise prescribed by these rules, a request for more than one type of relief may be combined in the same application.

(b) *Answer.*—Any party may file an answer to an application within 14 days after service of the application, but applications under Chapter 17 (effect of appeals; supersedeas and stays), or for delay in remand of the record, may be acted upon after reasonable notice, unless the exigency of the case is such as to impel the court to dispense with such notice. The court may shorten or extend the time for answering any application. Answers shall be deemed filed on the date of mailing if first class, express, or priority United States Postal Service mail is utilized.

(c) *Speaking applications.*—An application or answer which sets forth facts which do not already appear of record shall be verified by some person having knowledge of the facts, except that the court, upon presentation of such an application or answer without a verified statement, may defer action pending the filing of a verified statement or it may in its discretion act upon it in the absence of a verified statement if the interests of justice so require.

(d) *Oral argument.*—Unless otherwise ordered by the court, oral argument will not be permitted on any application.

(e) *Power of single judge to entertain applications.*—In addition to the authority expressly conferred by these rules or by law or rule of court, a single judge of an appellate court may entertain and may grant or deny any request for relief which under these rules may properly be sought by application, except that an appellate court may provide by order or rule of court that any application or class of applications must be acted upon by the court. The action of a single judge may be reviewed by the court except for actions of a single judge under **[Rule]Pa.R.A.P.** 3102(c)(2) (relating to quorum in Commonwealth Court in any election matter).

**(f)  *Certificate of compliance with Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*.—An application or answer filed under this Rule shall contain the certificate of compliance required by Pa.R.A.P. 127.**


**Official Note:**  The 1997 amendment precludes review by the Commonwealth Court of actions of a single judge in election matters.

**[This is an entirely new Rule.]**

**Rule 127.    Confidential Information and Confidential Documents.  Certification.**

(a)    Unless public access is otherwise constrained by applicable authority, any attorney or any unrepresented party who files a document pursuant to these rules shall comply with the requirements of Sections 7.0 and 8.0 of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* ("Public Access Policy").  In accordance with the Policy, the filing shall include a certification of compliance with the Policy and, as necessary, a Confidential Information Form, unless otherwise specified by rule or order of court, or a Confidential Document Form.

(b)  Unless an appellate court orders otherwise, case records or documents that are sealed by a court, government unit, or other tribunal shall remain sealed on appeal.

**Official Note:** Paragraph (a)—"Applicable authority" includes but is not limited to statute, procedural rule, or court order.  *The Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* ("Public Access Policy") can be found at http://www.pacourts.us/public-records.  Sections 7.0(D) and 8.0(D) of the Public Access Policy provide that the certification shall be in substantially the following form:

> I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Appropriate forms can be found at http://www.pacourts.us/public-records.  Pursuant to Section 7.0(C) of the Policy, a court may adopt a rule or order that permits, in lieu of a Confidential Information Form, the filing of a document in two versions, that is, a "Redacted Version" and an "Unredacted Version."  For certification of the Reproduced Record and Supplemental Reproduced Record in compliance with the Public Access Policy, *see* Pa.R.A.P. 2152, 2156, 2171, and accompanying notes.

Paragraph (b)—Once a document is sealed, it shall remain sealed on appeal unless the appellate court orders, either *sua sponte* or on application, that the case record or document be opened.

**Rule 531. Participation by *Amicus curiae*.**

(a) *General.*—An *amicus curiae* is a non-party interested in the questions involved in any matter pending in an appellate court.

(b) *Briefs*

(1) *Amicus curiae Briefs Authorized.*—An *amicus curiae* may file a brief (i) during merits briefing; (ii) in support of or against a petition for allowance of appeal, if the *amicus curiae* participated in the underlying proceeding as to which the petition for allowance of appeal seeks review; or (iii) by leave of court. An *amicus curiae* does not need to support the position of any party in its brief.

(2) *Content.*—An *amicus curiae* brief must contain a statement of the interest of *amicus curiae*. The statement of interest shall disclose the identity of any person or entity other than the *amicus curiae*, its members, or counsel who (i) paid in whole or in part for the preparation of the *amicus curiae* brief or (ii) authored in whole or in part the *amicus curiae* brief. It does not need to contain a Statement of the Case and does not need to address jurisdiction or the order or other determinations in question. **An *amicus curiae* brief shall contain the certificate of compliance required by Pa.R.A.P. 127.**

(3) *Length.*—An *amicus curiae* brief under subparagraph (b)(1)(i) is limited to 7,000 words. An *amicus curiae* brief under subparagraph (b)(1)(ii) is limited to 4,500 words. An *amicus curiae* brief under subparagraph (b)(1)(iii) is limited to the length specified by the court in approving the motion or, if no length is specified, to half the length that a party would be permitted under the rules of appellate procedure. Any *amicus curiae* brief must comply with the technical requirements for briefs, including certificates of compliance, set forth in Pa.R.A.P. 1115, 2135(b)—(d), 2171—2174, and 2187, or other pertinent rules.

(4) *Time for filing briefs.*—An *amicus curiae* brief must be filed on or before the date of the filing of the party whose position as to affirmance or reversal the *amicus curiae* will support. If the *amicus curiae* will not support the position of any party, the *amicus curiae* brief must be filed on or before the date of the appellant's filing. In an appeal proceeding under Pa.R.A.P. 2154(b), 2185(c), and 2187(b), the *amicus curiae* must file on or before the date of service of the advance text by the party whose position as to affirmance or reversal the *amicus curiae* supports or, if the *amicus curiae* does not support the position of any party, on or before the date of service of the advance text of the appellant.

(c) *Oral argument.*—Oral argument may be presented by *amicus curiae* only as the appellate court may direct. Requests for leave to present oral argument shall be by application and will be granted only for extraordinary reasons.

**Official Note**: The Pennsylvania Supreme Court has held that "[a]n *amicus curiae* is not a party and cannot raise issues that have not been preserved by the parties." *Commonwealth v. Cotto*, 753 A.2d 217, 224 n.6 (Pa. 2000). In addition, the Court shares the view of the United States Supreme Court that "[a]n *amicus curiae* brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court. An *amicus curiae* brief that does not serve this purpose burdens the Court, and its filing is not favored." *See* U.S. Supreme Ct. R. 37.1.

The rule allows interested persons to be *amicus curiae* as to one or more questions during the merits briefing on that question. An *amicus curiae* can file a brief of right in support of or against a petition for allowance of appeal only if the *amicus curiae* participated in the underlying proceedings giving rise to the order for which further review is sought. Any persons wishing to file *amicus curiae* briefs in any other circumstance must seek leave of court.

The 2016 amendment to the rule set forth content and length requirements for *amicus curiae* briefs. The amendment also established a requirement that all *amicus curiae* briefs include a statement of interest disclosing whether any party to the appeal has paid in whole or in part for the preparation of the brief.

The 2011 amendment to the rule clarified when those filing *amicus curiae* briefs should serve and file their briefs when the appellant has chosen or the parties have been directed to proceed under the rules related to large records (Pa.R.A.P. 2154(b)), advance text (Pa.R.A.P. 2187(b)) and definitive copies (Pa.R.A.P. 2185(c)). Under those rules, the appellant may defer preparation of the reproduced record until after the briefs have been served. The parties serve on one another (but do not file) advance texts of their briefs within the times required by Pa.R.A.P. 2185(c). At the time they file their advance texts, each party includes certified record designations for inclusion in the reproduced record. The appellant must then prepare and file the reproduced record within 21 days of service of the appellee's advance text (Pa.R.A.P. 2186(a)(2)). Within 14 days of the filing of the reproduced record, each party that served a brief in advance text may file and serve definitive copies of their briefs. The definitive copy must include references to the pages of the reproduced record, but it may not otherwise include changes from the advance text other than correction of typographical errors. Those filing *amicus curiae* briefs may choose to serve an advance text and then file and serve definitive copies according to the procedure required of the parties or they may choose to file a definitive brief without citations to the reproduced record.

**Rule 552. Application to [Lower]Trial Court for Leave to Appeal [In Forma Pauperis]*In Forma Pauperis*.**

(a)  *General rule.*—A party who is not eligible to file a verified statement under **[Rule]Pa.R.A.P.** 551 (continuation of in forma pauperis status for purposes of appeal) may apply to the **[lower]trial** court for leave to proceed on appeal **[in forma pauperis]*in forma pauperis*.** The application may be filed before or after the taking of the appeal, but if filed before the taking of the appeal, the application shall not extend the time for the taking of the appeal.

(b)  *Accompanying verified statement.*—Except as prescribed in **[Subdivision]paragraph** (d) of this rule, the application shall be accompanied by a verified statement substantially conforming to the requirements of **[Rule]Pa.R.A.P.** 561 (form of IFP verified statement) showing in detail the inability of the party to pay the fees and costs provided for in Chapter 27 (fees and costs in appellate courts and on appeal).

(c)  *No filing fee required.*—The clerk of the **[lower]trial** court shall file an application under this rule without the payment of any filing fee.

(d)  *Automatic approval in certain cases.*—If the applicant is represented by counsel who certifies on the application or by separate document that the applicant is indigent and that such counsel is providing free legal service to the applicant, the clerk of the **[lower]trial** court shall forthwith enter an order granting the application. The clerk may accept and act on an application under this **[subdivision]paragraph** without an accompanying verified statement by the party.

(e)  *Consideration and action by the court.*—Except as prescribed in **[Subdivision]paragraph** (d) of this rule, the application and verified statement shall be submitted to the court, which shall enter its order thereon within 20 days from the date of the filing of the application. If the application is denied, in whole or in part, the court shall briefly state its reasons.

**(f)  *Certificate of compliance with Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*.—An application filed under this Rule shall contain the certificate of compliance required by Pa.R.A.P. 127.**

  **Official Note:** Extends the substance of former Supreme Court Rule 61(b) (part) and 61(c) (part) to the Superior and Commonwealth Courts and provides for action by the clerk in lieu of the court. It is anticipated that an application under this rule ordinarily would be acted upon prior to the docketing of the appeal in the appellate court and the transmission of the record.

Relief from requirements for posting a supersedeas bond in civil matters must be sought under **[Rule]**<u>**Pa.R.A.P.**</u> 1732 (application for stay or injunction pending appeal) and relief from bail requirements in criminal matters must be sought as prescribed by **[Rule]**<u>**Pa.R.A.P.**</u> 1762 (release in criminal matters), but under **[Rule]**<u>**Pa.R.A.P.**</u> 123 (applications for relief) and applications under **[Rule]**<u>**Pa.R.A.P.**</u> 552 (or 553) and <u>**o**</u>ther rules may be combined into a single document.

\*\*\*

**Rule 752. Transfers Between Superior and Commonwealth Courts.**

(a)  *General rule.*—The Superior Court and the Commonwealth Court, on their own motion or on application of any party, may transfer any appeal to the other court for consideration and decision with any matter pending in such other court involving the same or related questions of fact, law, or discretion.

(b)  *Content of application; answer.*—The application shall contain a statement of the facts necessary to an understanding of the same or related questions of fact, law, or discretion; a statement of the questions themselves; and a statement of the reasons why joint consideration of the appeals would be desirable. The application shall be served on all other parties to all appeals or other matters involved, and shall include or have annexed thereto a copy of each order from which any appeals involved were taken and any findings of fact, conclusions of law, and opinions relating thereto. Any other party to any appeal or other matter involved may file an answer in opposition in accordance with **[Rule]Pa.R.A.P.** 123(b). **An application or answer filed under this Rule shall contain the certificate of compliance required by Pa.R.A.P. 127.** The application and answer shall be submitted without oral argument unless otherwise ordered.

(c)  *Effect of filing application.*—An application to transfer under this rule shall not stay proceedings in any appeal or other matter involved unless the appellate court in which the appeal or other matter is pending or a judge thereof shall so order.

(d)  *Grant of application.*—If the application to transfer is granted the prothonotary of the transferor court shall transfer the record of the appeal involved to the prothonotary of the transferee court, who shall immediately give written notice by first class mail of the transfer to all parties to all appeals or other matters involved. The notice shall set forth any necessary changes in the schedule in the transferee court for concurrent briefing and argument of the original and transferred appeals or other matters.

**Official Note:**  Based on 42 Pa.C.S. § 705 (transfers between intermediate appellate courts).

**Rule 910. Jurisdictional Statement. Content. Form.**

(a)  *General rule.***[ ]—**The jurisdictional statement required by **[Rule]Pa.R.A.P.** 909 shall contain the following in the order set forth:

(1)  A reference to the official and unofficial reports of the opinions delivered in the courts below, if any, and if reported, the citation thereto. Any unreported opinions shall be appended to the jurisdictional statement;

(2)  A statement of the basis, either by Act of Assembly or general rule, for the jurisdiction of the Supreme Court or the cases believed to sustain that jurisdiction;

(3)  The text of the order in question, or the portions thereof sought to be reviewed, and the date of its entry in the court. The order may be appended to the statement;

(4)  A concise statement of the procedural history of the case; and

(5)  The questions presented for review, expressed in the terms and the circumstances of the case but without unnecessary detail. The statement of questions presented will be deemed to include every subsidiary question fairly comprised therein. Only the questions set forth in the statement, or fairly comprised therein will ordinarily be considered by the Court.

(b)  *Matters of form.***[ ]—**The jurisdictional statement need not be set forth in numbered paragraphs in the manner of a pleading. It shall be as short as possible and shall not exceed 1000 words, excluding the appendix.

(c)  *Certificate of compliance.*

**(1)  *Word count.*—**A jurisdictional statement that does not exceed five pages when produced on a word processor or typewriter shall be deemed to meet the requirements of **[subdivision]paragraph** (b) of this rule. In all other cases, the attorney or the unrepresented filing party shall include a certification that the statement complies with the word count limits. The certificate may be based on the word count of the word processing system used to prepare the statement.

**(2)  *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts.*—A jurisdictional statement shall contain the certificate of compliance required by Pa.R.A.P. 127.**

(d)  *Nonconforming statements.***[ ]—**The Prothonotary of the Supreme Court shall not accept for filing any statement that does not comply with this rule. **[He]<u>The Prothonotary</u>** shall return **[it]<u>the statement</u>** to the appellant, and inform all parties in which respect the statement does not comply with the rule. The prompt filing and service of a new and correct statement within seven days after return by the Prothonotary shall constitute a timely filing of the jurisdictional statement.

**Rule 911. Answer to Jurisdictional Statement. Content. Form.**

(a)  *General rule.***[ ]—**An answer to a jurisdictional statement shall set forth any procedural, substantive, or other argument or ground why the order appealed from is not reviewable as of right and why the Supreme Court should not grant an appeal by allowance. The answer need not be set forth in numbered paragraphs in the manner of a pleading and shall not exceed 1000 words.

 (b)  *Certificate of compliance.*

**(1)  *Word count.*—**An answer to a jurisdictional statement that does not exceed five pages when produced on a word processor or typewriter shall be deemed to meet the requirements of **[subdivision]paragraph** (a) of this rule. In all other cases, the attorney or the unrepresented filing party shall include a certification that the answer complies with the word count limits. The certificate may be based on the word count of the word processing system used to prepare the answer.

**(2)  *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts.*—An answer to a jurisdictional statement shall contain the certificate of compliance required by Pa.R.A.P. 127.**


  **Official Note:**  The Supreme Court has, in a number of cases, determined that a party has no right of appeal, but has treated the notice of appeal as a petition for allowance of appeal and granted review. *See Gossman v. Lower Chanceford Tp. Bd. of Supervisors*, **[503 Pa. 392, ]**469 A.2d 996 (**Pa.** 1983); *Xpress Truck Lines, Inc. v. Pennsylvania Liquor Control Board*, **[503 Pa. 399, ]**469 A.2d 1000 (**Pa.** 1983); *O'Brien v. State Employment Retirement Board*, **[503 Pa. 414, ]**469 A.2d 1008 (**Pa.** 1983). *See also* Pa.R.A.P. 1102. Accordingly, a party opposing a jurisdictional statement shall set forth why the order appealed from is not reviewable on direct appeal and why the Court should not grant an appeal by allowance.

**Rule 1115. Content of the Petition for Allowance of Appeal.**

(a) *General rule.*—The petition for allowance of appeal need not be set forth in numbered paragraphs in the manner of a pleading, and shall contain the following (which shall, insofar as practicable, be set forth in the order stated):

(1)[.] A reference to the official and unofficial reports of the opinions delivered in the courts below, if any, and if reported. Any such opinions shall be appended as provided in item 6 of paragraph (a) of this rule.

(2)[.] The text of the order in question, or the portions thereof sought to be reviewed, and the date of its entry in the appellate court below. If the order is voluminous, it may, if more convenient, be appended to the petition.

(3)[.] The questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of questions presented will be deemed to include every subsidiary question fairly comprised therein. Only the questions set forth in the petition, or fairly comprised therein, will ordinarily be considered by the court in the event an appeal is allowed.

(4)[.] A concise statement of the case containing the facts material to a consideration of the questions presented.

(5)[.] A concise statement of the reasons relied upon for allowance of an appeal. *See* Pa.R.A.P. 1114.

(6)[.] There shall be appended to the petition a copy of any opinions delivered relating to the order sought to be reviewed, as well as all opinions of government units**, trial courts,** or **[lower]**intermediate appellate courts in the case, and, if reference thereto is necessary to ascertain the grounds of the order, opinions in companion cases. If an application for reargument was filed in the Superior Court or Commonwealth Court, there also shall be appended to the petition a copy of any order granting or denying the application for reargument. If whatever is required by this paragraph to be appended to the petition is voluminous, it may, if more convenient, be separately presented.

(7)[.] There shall be appended to the petition the verbatim texts of the pertinent provisions of constitutional provisions, statutes, ordinances, regulations, or other similar enactments which the case involves, and the citation to the volume and page where they are published, including the official edition, if any.

**(8) The certificate of compliance required by Pa.R.A.P. 127.**

12

(b) *Caption and parties.*—All parties to the proceeding in the **intermediate** appellate court **[below ]**shall be deemed parties in the Supreme Court, unless the petitioner shall notify the Prothonotary of the Supreme Court of the belief of the petitioner that one or more of the parties below have no interest in the outcome of the petition. A copy of such notice shall be served on all parties to the matter in the **[lower]intermediate appellate** court, and a party noted as no longer interested may remain a party in the Supreme Court by filing a notice that he has an interest in the petition with the Prothonotary of the Supreme Court. All parties in the Supreme Court other than petitioner shall be named as respondents, but respondents who support the position of the petitioner shall meet the time schedule for filing papers which is provided in this chapter for the petitioner, except that any response by such respondents to the petition shall be filed as promptly as possible after receipt of the petition.

(c) *No supporting brief.*—All contentions in support of a petition for allowance of appeal shall be set forth in the body of the petition as provided by item 5 of paragraph (a) of this rule. Neither the briefs below nor any separate brief in support of a petition for allowance of appeal will be received, and the Prothonotary of the Supreme Court will refuse to file any petition for allowance of appeal to which is annexed or appended any brief below or supporting brief.

(d) *Essential requisites of petition.*—The failure of a petitioner to present with accuracy, brevity, and clearness whatever is essential to a ready and adequate understanding of the points requiring consideration will be a sufficient reason for denying the petition.

(e) *Multiple petitioners.*—Where permitted by Pa.R.A.P. 512 a single petition for allowance of appeal may be filed.

(f) *Length.*—A petition for allowance of appeal shall not exceed 9,000 words. A petition for allowance of appeal that does not exceed 20 pages when produced by a word processor or typewriter shall be deemed to meet the 9,000 word limit. In all other cases, the attorney or the unrepresented filing party shall include a certification that the petition complies with the word count limit. The certificate may be based on the word count of the word processing system used to prepare the petition.

(g) *Supplementary matter.*—The cover of the petition for allowance of appeal, pages containing the table of contents, table of citations, proof of service, signature block, and anything appended to the petition under subparagraphs (a)(6) and (a)(7) shall not count against the word count limitations of this rule.

**Official Note:** Former Supreme Court Rule 62 permitted the petitioner in effect to dump an undigested mass of material (such as briefs in and opinions of the court below)

13

in the lap of the Supreme Court, with the burden on the individual justices and their law clerks to winnow the wheat from the chaff. This rule, which is patterned after U.S. Supreme Court Rule 14, places the burden on the petitioner to prepare a succinct and coherent presentation of the case and the reasons in support of allowance of appeal.

Where an appellant desires to challenge the discretionary aspects of a sentence of a trial court the "petition for allowance of appeal" referred to in 42 Pa.C.S. § 9781(b) is deferred until the briefing stage, and the appeal is commenced by filing a notice of appeal pursuant to Chapter 9 rather than a petition for allowance of appeal pursuant to Chapter 11. *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987). *See* note to Pa.R.A.P. 902; Pa.R.A.P. 2116(b) and the note thereto; Pa.R.A.P. 2119(f) and the note thereto.

***

**Rule 1116. Answer to the Petition for Allowance of Appeal.**

(a) *General rule.*—Except as otherwise prescribed by this rule, within 14 days after service of a petition for allowance of appeal an adverse party may file an answer. The answer shall be deemed filed on the date of mailing if first class, express, or priority United States Postal Service mail is utilized. The answer need not be set forth in numbered paragraphs in the manner of a pleading, shall set forth any procedural, substantive or other argument or ground why the order involved should not be reviewed by the Supreme Court, and shall comply with Pa.R.A.P. 1115(a).7. No separate motion to dismiss a petition for allowance of appeal will be received. A party entitled to file an answer under this rule who does not intend to do so shall, within the time fixed by these rules for filing an answer, file a letter stating that an answer to the petition for allowance of appeal will not be filed. The failure to file an answer will not be construed as concurrence in the request for allowance of appeal.

(b) *Children's fast track appeals.*—In a children's fast track appeal, within 10 days after service of a petition for allowance of appeal, an adverse party may file an answer.

(c) *Length.*—An answer to a petition for allowance of appeal shall not exceed 9,000 words. An answer that does not exceed 20 pages when produced by a word processor or typewriter shall be deemed to meet the 9,000 word limit. In all other cases, the attorney or the unrepresented filing party shall include a certification that the answer complies with the word count limit. The certificate may be based on the word count of the word processing system used to prepare the answer.

(d) *Supplementary matter.*—The cover of the answer, pages containing the table of contents, table of citations, proof of service, signature block, and anything appended to the answer shall not count against the word count limitations of this rule.

**(e) *Certificate of compliance with Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts.*—An answer to a petition for allowance of appeal shall contain the certificate of compliance required by Pa.R.A.P. 127.**

**Official Note:** This rule and Pa.R.A.P. 1115 contemplate that the petition and answer will address themselves to the heart of the issue, such as whether the Supreme Court ought to exercise its discretion to allow an appeal, without the need to comply with the formalistic pattern of numbered averments in the petition and correspondingly numbered admissions and denials in the response. While such a formalistic format is appropriate when factual issues are being framed in a trial court (as in the petition for review under Chapter 15) such a format interferes with the clear narrative exposition necessary to outline succinctly the case for the Supreme Court in the allocatur context.

**Rule 1123. Denial of Appeal; Reconsideration.**

(a) *Denial.* If the petition for allowance of appeal is denied the Prothonotary of the Supreme Court shall immediately give written notice in person or by first class mail of the entry of the order denying the appeal to each party who has appeared in the Supreme Court. After the expiration of the time allowed by **[Subdivision]paragraph** (b) of this rule for the filing of an application for reconsideration of denial of a petition for allowance of appeal, if no application for reconsideration is filed, the Prothonotary of the Supreme Court shall notify the prothonotary of the appellate court below of the denial of the petition.

(b) *Reconsideration.* Applications for reconsideration of denial of allowance of appeal are not favored and will be considered only in the most extraordinary circumstances. An application for reconsideration of denial of a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within fourteen days after entry of the order denying the petition for allowance of appeal. In a children's fast track appeal, the application for reconsideration of denial of a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 7 days after entry of the order denying the petition for allowance of appeal. Any application filed under this **[subdivision]paragraph** must **comport with the following**:

(1) Briefly and distinctly state grounds which are confined to intervening circumstances of substantial or controlling effect.

(2) Be supported by a certificate of counsel to the effect that it is presented in good faith and not for delay. Counsel must also certify that the application is restricted to the grounds specified **[in Paragraph (1) of this subdivision]under subparagraph (b)(1)**.

**(3) Contain the certificate of compliance required by Pa.R.A.P. 127.**

No answer to an application for reconsideration will be received unless requested by the Supreme Court. Second or subsequent applications for reconsideration, and applications for reconsideration which are out of time under this rule, will not be received.

(c) *Manner of filing.* If the application for reconsideration is transmitted to the prothonotary of the appellate court by means of first class, express, or priority United States Postal Service mail, the application shall be deemed received by the prothonotary for the purposes of **[Rule]Pa.R.A.P.** 121(a) (filing) on the date deposited in the United States mail as shown on a United States Postal Service Form 3817 Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified. The certificate of mailing or other similar Postal Service

form from which the date of deposit can be verified shall be cancelled by the Postal Service, shall show the docket number of the matter in the court in which reconsideration is sought, and shall be enclosed with the application or separately mailed to the prothonotary. Upon actual receipt of the application, the prothonotary shall immediately stamp it with the date of actual receipt. That date, or the date of earlier deposit in the United States mail as prescribed in this **[subdivision]paragraph**, shall constitute the date when application was sought, which date shall be shown on the docket.

**Rule 1312. Content of the Petition for Permission to Appeal.**

(a) *General rule.*—The petition for permission to appeal need not be set forth in numbered paragraphs in the manner of a pleading, and shall contain the following (which shall, insofar as practicable, be set forth in the order stated):

(1) A statement of the basis for the jurisdiction of the appellate court.

(2) The text of the order in question, or the portions thereof sought to be reviewed (including the statement by the **[lower]trial** court or other government unit that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter), and the date of its entry in the **trial** court or other government unit**[ below]**. If the order is voluminous, it may, if more convenient, be appended to the petition.

(3) A concise statement of the case containing the facts necessary to an understanding of the controlling questions of law determined by the order of the **[lower]trial** court or other government unit.

(4) The controlling questions of law presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of questions presented will be deemed to include every subsidiary question fairly comprised therein. Only the questions set forth in the petition, or fairly comprised therein, will ordinarily be considered by the court in the event permission to appeal is granted.

(5) A concise statement of the reasons why a substantial ground exists for a difference of opinion on the questions and why an immediate appeal may materially advance the termination of the matter.

(6) There shall be appended to the petition a copy of any opinions delivered relating to the order sought to be reviewed, as well as all opinions of **[lower]trial** courts or other government units in the case, and, if reference thereto is necessary to ascertain the grounds of the order, opinions in companion cases. If whatever is required by this paragraph to be appended to the petition is voluminous, it may, if more convenient, be separately presented.

(7) There shall be appended to the petition the verbatim texts of the pertinent provisions of constitutional provisions, statutes, ordinances, regulations, or other similar enactments which the case involves, and the citation to the volume and page where they are published, including the official edition, if any.

18

**(8) The certificate of compliance required by Pa.R.A.P. 127.**

(b) *Caption and parties.*—All parties to the proceeding in the **[lower]trial** court or other government unit other than petitioner shall be named as respondents, but respondents who support the position of the petitioner shall meet the time schedule for filing papers which is prescribed in this chapter for the petitioner, except that any response by such respondents to the petition shall be filed as promptly as possible after receipt of the petition.

(c) *No supporting brief.*—All contentions in support of a petition for permission to appeal shall be set forth in the body of the petition as prescribed **[by Paragraph (a)(5) of this rule]under subparagraph (a)(5)**. Neither the briefs below nor any separate brief in support of a petition for permission to appeal will be received, and the prothonotary of the appellate court will refuse to file any petition for permission to appeal to which is annexed or appended any brief below or supporting brief.

(d) *Essential requisites of petition.*—The failure of a petitioner to present with accuracy, brevity, and clearness whatever is essential to a ready and adequate understanding of the points requiring consideration will be a sufficient reason for denying the petition.

(e) *Multiple petitioners.*—Where permitted by **[Rule]Pa.R.A.P.** 512 (joint appeals) a single petition for permission to appeal may be filed.

**Official Note:** Based on former Commonwealth Court Rule 114. **[Subdivision]subparagraph** (a)(2) of this rule makes clear that the order of the tribunal below must contain a statement that the order involves a controlling question of law as to which there is a difference of opinion.

Interlocutory appeals as of right may be taken by filing a notice of appeal under Chapter 9**[ (appeals from lower courts)]**, rather than by petition under this rule. *See* **[Rule]Pa.R.A.P.** 311**[ (interlocutory appeals as of right)]**.

**Rule 1314. Answer to the Petition for Permission to Appeal.**

Within 14 days after service of a petition for permission to appeal an adverse party may file an answer. The answer shall be deemed filed on the date of mailing if first class, express, or priority United States Postal Service mail is utilized. The answer need not be set forth in numbered paragraphs in the manner of a pleading, shall set forth any procedural, substantive, or other argument or ground why the interlocutory order involved should not be reviewed by the appellate court, and shall comply with **[Rule]Pa.R.A.P.** 1312(a)(7) (content of petition for permission to appeal). **An answer to a petition for permission to appeal shall contain the certificate of compliance required by Pa.R.A.P. 127.** No separate motion to dismiss a petition for permission to appeal will be received. A party entitled to file an answer under this rule who does not intend to do so shall, within the time fixed by these rules for filing an answer, file a letter stating that an answer to the petition for permission to appeal will not be filed. The failure to file an answer will not be construed as concurrence in the request for permission to appeal.

\*\*\*

**Rule 1513. Petition for Review.**

(a)  *Caption and parties on appeal.***[ ]–**In an appellate jurisdiction petition for review, the aggrieved party or person shall be named as the petitioner and, unless the government unit is disinterested, the government unit and no one else shall be named as the respondent. If the government unit is disinterested, all real parties in interest, and not the government unit, shall be named as respondents.

(b)  *Caption and parties in original jurisdiction actions.***[ ]–**The government unit and any other indispensable party shall be named as respondents. Where a public act or duty is required to be performed by a government unit, it is sufficient to name the government unit, and not its individual members, as respondent.

(c)  *Form.***[ ]–**Any petition for review shall be divided into consecutively numbered paragraphs. Each paragraph shall contain, as nearly as possible, a single allegation of fact or other statement. When petitioner seeks review of an order refusing to certify an interlocutory order for immediate appeal, numbered paragraphs need not be used.

(d)  *Content of appellate jurisdiction petition for review.***[ ]–**An appellate jurisdiction petition for review shall contain **the following**:

**(**1**)[.]**  a statement of the basis for the jurisdiction of the court;

**(**2**)[.]**  the name of the party or person seeking review;

**(**3**)[.]**   the name of the government unit that made the order or other determination sought to be reviewed;

**(**4**)[.]**   reference to the order or other determination sought to be reviewed, including the date the order or other determination was entered;

**(**5**)[.]**  a general statement of the objections to the order or other determination, but the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record;

**(**6**)[.]**  a short statement of the relief sought;**[ and]**

**(**7**)[.]**  a copy of the order or other determination to be reviewed, which shall be attached to the petition for review as an exhibit**[.]; and**

**(8)     the certificate of compliance required by Pa.R.A.P. 127.**

No notice to plead or verification is necessary.

Where there were other parties to the proceedings conducted by the government unit, and such parties are not named in the caption of the petition for review, the petition for review shall also contain a notice to participate, which shall provide substantially as follows:

> If you intend to participate in this proceeding in the (Supreme, Superior or Commonwealth, as appropriate) Court, you must serve and file a notice of intervention under Pa.R.A.P. 1531 of the Pennsylvania Rules of Appellate Procedure within 30 days.

(e) *Content of original jurisdiction petition for review.***[ ]–**A petition for review addressed to an appellate court's original jurisdiction shall contain **the following**:

**(**1**)[.]** a statement of the basis for the jurisdiction of the court;

**(**2**)[.]** the name of the person or party seeking relief;

**(**3**)[.]** the name of the government unit whose action or inaction is in issue and any other indispensable party;

**(**4**)[.]** a general statement of the material facts upon which the cause of action is based;

**(**5**)[.]** a short statement of the relief sought;**[ and]**

**(**6**)[.]** a notice to plead and verification either by oath or affirmation or by verified statement**[.]; and**

**(7)     the certificate of compliance required by Pa.R.A.P. 127.**

(f) *Alternative objections.***[ ]–**Objections to a determination of a government unit and the related relief sought may be stated in the alternative, and relief of several different types may be requested.

**Official Note:**  The 2004 amendments to this rule clarify what must be included in a petition for review addressed to an appellate court's appellate jurisdiction and what must be included in a petition for review addressed to an appellate court's original jurisdiction. Where it is not readily apparent whether a "determination" (defined in Pa.R.A.P. 102 as "[a]ction or inaction by a government unit") is reviewable in the court's appellate or original jurisdiction, compliance with the requirements of paragraphs (d) and (e) is appropriate.

Paragraphs (a) and (b) reflect the provisions of Pa.R.A.P. 501, Pa.R.A.P. 503, Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702 (Appeals), and Pa.R.C.P. **[No. ]** 1094 (regarding parties defendant in mandamus actions).

Government units that are usually disinterested in appellate jurisdiction petitions for review of their determinations include:

• the Board of Claims,

• the Department of Education (with regard to teacher tenure appeals from local school districts pursuant to section 1132 of the Public School Code of 1949, 24 P.S. § 11-1132),

• the Environmental Hearing Board,

• the State Charter School Appeal Board,

• the State Civil Service Commission, and

• the Workers' Compensation Appeal Board.

The provision for joinder of indispensable parties in original jurisdiction actions reflects the last sentence of section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c), providing for the implementation of ancillary jurisdiction of the Commonwealth Court by general rule.

Paragraphs (d) and (e) reflect the differences in proceeding in a court's original and appellate jurisdiction, while preserving the need for sufficient specificity to permit the conversion of an appellate document to an original jurisdiction pleading and vice versa should such action be necessary to assure proper judicial disposition. See also the notes to Pa.R.A.P. 1501 and 1502.


**Official Note—2014**

The 2014 amendments to Pa.R.A.P. 1513(d) relating to the general statement of objections in an appellate jurisdiction petition for review are intended to preclude a finding of waiver if the court is able, based on the certified record, to address an issue not within the issues stated in the petition for review but included in the statement of questions involved and argued in a brief. The amendment neither expands the scope of issues that may be addressed in an appellate jurisdiction petition for review beyond those permitted in Pa.R.A.P. 1551(a) nor affects Pa.R.A.P. 2116's requirement that

"[n]o question will be considered unless it is stated in the statement of questions involved [in appellant's brief] or is fairly suggested thereby."

**Rule 1516. Other Pleadings Allowed.**

(a) *Appellate jurisdiction petitions for review.*—No answer or other pleading to an appellate jurisdiction petition for review is authorized, unless the petition for review is filed pursuant to the **[N]n**otes to **[Rules]Pa.R.A.P.** 341 or 1311 (seeking review of a trial court or other government unit's refusal to certify an interlocutory order for immediate appeal), **[Rule]Pa.R.A.P.** 1573 (review of orders finding an assertion of double jeopardy frivolous), **[Rule]Pa.R.A.P.** 1762 (regarding release in criminal matters), **[Rule]Pa.R.A.P.** 1770 (regarding placement in juvenile delinquency matters), **[Rule]Pa.R.A.P.** 3321 (regarding appeals from decisions of the Legislative Reapportionment Commission) or **[Rule]Pa.R.A.P.** 3331 (regarding review of special prosecutions and investigations). Where an answer is authorized, the time for filing an answer shall be as stated in **[Rule]Pa.R.A.P.** 123(b)**, and the answer shall contain the certificate of compliance required by Pa.R.A.P. 127**.

(b) *Original jurisdiction petitions for review.*—Where an action is commenced by filing a petition for review addressed to the appellate court's original jurisdiction, the pleadings are limited to the petition for review, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection, and an answer thereto. **A pleading shall contain the certificate of compliance required by Pa.R.A.P. 127.** Every pleading filed after an original jurisdiction petition for review shall be filed within 30 days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading is endorsed with a notice to plead.

**Official Note:** The 2004, 2012, and 2013 amendments made clear that, with limited exceptions, no answer or other pleading to a petition for review addressed to an appellate court's appellate jurisdiction is proper. With regard to original jurisdiction proceedings, practice is patterned after Rules of Civil Procedure 1017(a) (Pleadings Allowed) and 1026 (Time for Filing. Notice to Plead). The ten additional days in which to file a subsequent pleading are in recognition of the time required for agency coordination where the Commonwealth is a party. **[See Rule]***See* **Pa.R.A.P.** 1762(b)(2) regarding bail applications. **[See Rule]***See* **Pa.R.A.P.** 1770 regarding placement in juvenile delinquency matters.

**Rule 1571. Determinations of the Board of Finance and Revenue.**

(a) *General rule.*—Review of a determination of the Board of Finance and Revenue shall be governed by this chapter and ancillary provisions of these rules, except as otherwise prescribed by this rule.

(b) *Time for petitioning for review.*—A petition for review of a determination of the Board of Finance and Revenue shall be filed:

(1) Within 30 days after entry of an order of the Board which does not expressly state that it is interlocutory in nature.

(2) Within 30 days after entry of an order of the Board adopting a determination by the Department of Revenue or other government unit made at the direction of the Board respecting any matter pending before the Board.

(3) Where the Board is required by statute to act finally on any matter pending before it within a specified period after the matter is filed with the Board and has not done so, at any time between:

(i) the expiration of such specified period; and

(ii) 30 days after service of actual notice by the Board stating that it has failed to act within such period.

(c) *Form.*—The petition for review shall contain a statement of the basis for the jurisdiction of the court; the name of the party seeking review; a statement that the Board of Finance and Revenue made the determination sought to be reviewed; reference to the order or other determination sought to be reviewed; and a general statement of the objections to the order or other determination. The petition for review need not be verified and shall not contain or have endorsed upon it notice to plead. A petition for review of a taxpayer or similar party shall name the "Commonwealth of Pennsylvania" as respondent and a petition for review filed by the Commonwealth of Pennsylvania shall name all real parties in interest before the Board as respondents. **The petition for review shall contain the certificate of compliance required by Pa.R.A.P. 127.**

(d) *Service.*—In the case of a petition for review by a taxpayer or similar party, a copy of the petition shall be served on the Board of Finance and Revenue and on the Attorney General **by the petitioner** in accordance with **[Rule]Pa.R.A.P.** 1514(c). All other parties before the Board shall be served as prescribed by **[Rule]Pa.R.A.P.** 121(b) (service of all papers required).

(e) *Answer.*—An answer may not be filed to a petition for review of a determination of the Board of Finance and Revenue. The Commonwealth may raise any question on review, although no cross petition for review has been filed by it, and may introduce any facts in support of its position if 20 days written notice is given to the petitioner prior to trial of the intention of raising such new questions or presenting new facts.

(f) *Record.*—No record shall be certified to the court by the Board of Finance and Revenue. After the filing of the petition for review, the parties shall take appropriate steps to prepare and file a stipulation of such facts as may be agreed to and to identify the issues of fact, if any, which remain to be tried. See Rule 1542 (evidentiary hearing).

(g) *Oral argument.*—Except as otherwise ordered by the court on its own motion or on application of any party, after the record is closed, the matter may be listed for argument before or submission to the court.

(h) *Scope of review.*—**[Rule]Pa.R.A.P.** 1551(a) (appellate jurisdiction petitions for review) shall be applicable to review of a determination of the Board of Finance and Revenue except that:

(1) A question will be heard and considered by the court if it was raised at any stage of the proceedings below and thereafter preserved.

(2) To the extent provided by the applicable law, the questions raised by the petition for review shall be determined on the record made before the court. **[See Subdivision]***See paragraph* (f) of this rule.

(i) *Exceptions.*—Any party may file exceptions to an initial determination by the court under this rule within 30 days after the entry of the order to which exception is taken. Such timely exceptions shall have the effect, for the purposes of **[Rule]Pa.R.A.P.** 1701(b)(3) (authority of **[lower]a trial** court or agency after appeal) of an order expressly granting reconsideration of the determination previously entered by the court. Issues not raised on exceptions are waived and cannot be raised on appeal.

**Official Note**: **[Subdivision]Paragraph** (b) represents an exercise of the power conferred by 42 Pa.C.S. § 5105(a) (right to appellate review) to define final orders by general rule. The following statutes expressly require the Board of Finance and Revenue to act within six months in certain cases:

Section 1103 of The Fiscal Code**, Act of April 9, 1929 (P.L. 343),** **[(]**72 P.S. § 1103**[)]**.

[Act of December 5, 1933, (Sp. session 1933-34), (P.L. 38, No. 6, known as the Spirituous and Vinous Liquor Tax Law, § 5 (47 P.S. § 749).

Act of January 14, 1952 (1951 P.L. 1965, No. 550), known as the Fuel Use Tax Act, § 7 (72 P.S. § 2614.7).

Sections 234 (sales and use tax), 341 (personal income tax), and 2005 (malt beverage tax), Act of March 4, 1971 (P.L. 6, No. 2), known as The Tax Reform Code of 1971 (72 P.S. §§ 7234, 7341, 9005)] Section 2005 (malt beverage tax) of The Tax Reform Code of 1971, Act of March 4, 1971 (P.L. 6), 72 P.S. §9005.

The following statute requires the Board of Finance and Revenue to act within twelve months in certain tax refund matters:

Section 3003.5 of the Tax Reform Code of 1971, Act of March 4, 1971 (P.L. 6), 72 P.S. § 10003.5 [, P.L. 6 , No. 2, 72 P.S. § 10003.5. Section 3003.5 was added by Section 41 of the Act of June 16, 1994, P.L. 279, No. 48].

The following statutes are covered by Section 1103 of The Fiscal Code [(petition to Board of Finance and Revenue for review)]:

Sections 809 (various insurance taxes) and 1001 (miscellaneous settlements, [e.g.] for example, under [the act of May 17, 1921 (P. L. 789, No. 285), known as The Insurance Department Act of 1921, § 212 (40 P.S. § 50) (retaliatory insurance taxes)] Section 212 of The Insurance Department Act of 1921, Act of May 17, 1921 (P.L. 789), 40 P.S. §50) of [T]the Fiscal Code, Act of April 9, 1929 (P.L. 343), [(]72 P.S. §§ 809 and 1001[)].

[Act of June 22, 1931 (P.L. 694, No. 255) § 4 (72 P.S. § 2186) (motor carriers-trackless trolley carriers).

Act of June 22, 1935 (P.L. 414, No. 182), known as the State Personal Property Tax Act, § 18(b) (72 P.S. § 3250-11a(b))  (corporate loans tax). See Act of April 25, 1929 (P. L. 669, No. 288), § 1.]

[Act of May 23, 1945 (P.L. 893, No. 360), known as the Co-operative Agricultural Association Corporate Net Income Tax Act, § 6] Section 6 of the Co-operative Agricultural Association Corporate Net Income Tax Act, Act of May 23, 1945 (P.L. 893), [(]72 P.S. § 3420-21[6)], et seq.

[Act of January 24, 1966 (P.L. (1965) 1509, No. 531), § 11 (40 P.S. § 1006.11) (surplus lines tax)].

Sections 407 (corporate net income tax), 603 (capital stock—franchise tax), 702 (bank **and trust company** shares tax), 802 (title insurance **[and trust]** companies shares tax), 904 (insurance premiums tax), 1102 (**[utilities]** gross receipts tax), 1111-C (realty transfer tax)**,** and 1503 (mutual thrift institutions tax) of the Tax Reform Code of 1971**, Act of March 4, 1971 (P.L. 6), [(]**72 P.S. §§ 7407, 7603, 7702, 7802, 7904, 8102, 8111-C**,** and 8503**[)]**.

75 Pa.C.S. § 9616(f) (motor carriers road tax).

The basis of jurisdiction of the court under this rule will ordinarily be 42 Pa.C.S. § 763 (direct appeals from government agencies). **[Subdivision]Paragraph** (c) is not intended to change the practice in connection with the review of orders of the Board of Finance and Revenue insofar as the amount of detail in the pleadings is concerned. What is required is that the petitioner raise every legal issue in the petition for review which the petitioner wishes the court to consider. The legal issues raised need only be specific enough to apprise the respondent of the legal issues being contested (e.g. "valuation," "manufacturing," "sale for resale," etc.). **[See generally]*See generally*** *House of Pasta, Inc. v. Commonwealth*, **[37 Pa. Cmwlth. Ct. 317, ]**390 A.2d 341 (**Pa. Cmwlth.** 1978).

**[Subdivision]Paragraph** (e) is based on Section 1104(e) of The Fiscal Code , which was suspended absolutely by these rules, and subsequently repealed.

**[Subdivision]Paragraph** (f) is based on 2 Pa.C.S. § 501(b)(1) (scope of subchapter) and 2 Pa.C.S. § 701(b)(1) (scope of subchapter), which exclude tax matters from the on-the-record review requirements of 2 Pa.C.S. § 704 (disposition of appeal).

**[Subdivision]Paragraph** (h) is based on Section 1104(d) of The Fiscal Code , which was suspended absolutely by these rules and subsequently repealed, and is intended as a continuation of the prior law, except, of course, that the separate specification of objections has been abolished by these rules.

**[Subdivision]Paragraph** (i) is intended to make clear that the failure to file exceptions will result in waiver by a petitioner of any issues previously presented to the Commonwealth Court.

**[See also Rule]*See also* Pa.R.A.P.** 1782 (security on review in tax matters).

\*\*\*

**Rule 1573. Review of Orders in Which the Court Finds an Assertion of Double Jeopardy Frivolous.**

(a)  *General rule.*—Any party seeking review of a frivolousness determination by a court of common pleas under Pennsylvania Rule of Criminal Procedure 587 shall file a petition for review in the appellate court having jurisdiction over the matter. Review of a frivolousness determination under Pennsylvania Rule of Criminal Procedure 587 shall be governed by this chapter and ancillary provisions of these rules, except as otherwise prescribed by this rule. The time for filing is provided for in Pa.R.A.P. 1512(a)(1).

(b)  *Contents.*—The contents of the petition for review are not governed by Pa.R.A.P. 1513. Instead, the petition for review need not be set forth in numbered paragraphs in the manner of a pleading, and shall contain the following (which shall, insofar as practicable, be set forth in the order stated):

[(i)]**(1)**  A statement of the basis for the jurisdiction of the appellate court.

[(ii)]**(2)**  The text of the order in question, and the date of its entry in the trial court. If the order is voluminous, it may, if more convenient, be appended to the petition.

[(iii)]**(3)**  A concise statement of the case containing the facts necessary to an understanding of the frivolousness issue(s) presented.

[(iv)]**(4)**  The question(s) presented, expressed in the terms and circumstances of the case but without unnecessary detail.

[(v)]**(5)**  A concise statement of the reasons why the trial court erred in its determination of frivolousness.

[(vi)]**(6)**  There shall be appended to the petition a copy of any opinions relating to the order sought to be reviewed, including findings of fact and conclusions of law in support of the frivolousness determination, as well as a copy of any transcripts or other record documents necessary to the appellate court's review.

[(vii)]**(7)**  There shall be appended to the petition the verbatim texts of the pertinent provisions of constitutional provisions, statutes, ordinances, regulations, or other similar enactments which the case involves.

[(viii)]**(8)**  There shall be appended to the petition any briefs filed in the trial court in support of the motion to dismiss.

**(9)  The certificate of compliance required by Pa.R.A.P. 127.**

30

(c) *Caption and parties.*—The parties in the trial court shall be named as parties in the appellate court. If there are multiple defendants but the order for which review is sought adjudicates the motion of only a single defendant, only that defendant may file a petition for review.

(d) *No supporting brief.*—All contentions in support of a petition shall be set forth in the body of the petition as prescribed by subparagraph (b)(v) of this rule. No separate brief in support of the petition for review will be received, and the prothonotary of the appellate court will refuse to file any petition for review to which is annexed or appended any brief other than the briefs filed in the trial court.

(e) *Essential requisites of petition.*—The failure of a petitioner to present with accuracy, brevity, and clearness whatever is essential to a ready and adequate understanding of the points requiring consideration will be a sufficient reason for denying the petition.

(f) *Effect of filing petition.*—The filing of a petition for review shall not automatically stay the proceedings before the trial court. A petitioner may file an application for a stay in the trial or appellate court pending the determination of the petition for review, or the trial or appellate court may issue a stay **[sua sponte]***sua sponte*.

(g) *Answer to petition for review.*—If the Commonwealth does not intend to file an answer under this rule, it shall, within the time fixed by these rules for filing an answer, file a letter stating that it does not intend to file an answer to the petition for review. The failure to file an answer will not be construed as concurrence in the petition for review. The appellate court may, however, direct the Commonwealth to file an answer. **An answer to a petition for review shall contain the certificate of compliance required by Pa.R.A.P. 127.**

(h) Pa.R.A.P. 1531—1571 do not apply to petitions for review filed under this rule. Pa.R.A.P. 1514 does apply, except that no copy of the petition needs to be served upon the Attorney General.

(i) *Grant of petition for review and transmission of record.*—If the petition for review is granted, the prothonotary of the appellate court shall immediately give written notice of the entry of the order to the clerk of the trial court and to each party who has appeared in the appellate court. The grant of the petition for review shall operate as a stay of all trial court proceedings. The clerk of the trial court shall docket the notice in the same manner as a notice of appeal and shall mail that notice to all parties to the trial court proceeding. The certified record shall be transmitted and filed in accordance with Chapter 19 (preparation and transmission of the record and related matters). The times fixed by those provisions for transmitting the record shall run from the date of the entry

31

of the order granting the petition for review. No party needs to file a separate notice of appeal.

   (j) *Denial of petition for review.*—If the petition for review is denied, the prothonotary of the appellate court shall immediately give written notice of the order to the clerk of the trial court and to each party who has appeared in the appellate court.

   **Official Note:**   The trial court's determination and the procedure for determining a motion to dismiss on double jeopardy grounds is set forth in Pa.R.Crim.P. 587. If a trial court denies such a motion without expressly finding that the motion is frivolous, the order is immediately appealable by means of a notice of appeal under Pa.R.A.P. 313. If, however, the trial court finds the motion to be frivolous, appellate review can be secured only if the appellate court grants a petition for review. *See Commonwealth v. Orie*, 22 A.3d 1021 (Pa. 2011); *Commonwealth v. Brady*, **[510 Pa. 336, ]**508 A.2d 286 (**Pa.** 1986). If the Superior Court does not grant the petition for review, the defendant may file a petition for allowance of appeal with the Supreme Court.

   Where the petition for review of the determination of frivolousness is granted, the grant automatically initiates a separate appeal on the merits from the order denying the pretrial motion seeking dismissal of criminal charges on double jeopardy grounds.

   A party may seek (or a court may *sua sponte* issue) a stay of the trial court proceedings pending review of the frivolousness determination. Otherwise, the trial court may proceed while the petition for review is pending. *See* Pa.R.A.P. 1701(d). Where the petition for review of the determination of frivolousness is granted, the grant automatically stays further proceedings in the trial courts.

**Rule 1703. Contents of Application for Stay.**

In addition to the requirements set forth in **[Rule]Pa.R.A.P.** 123 (Application for Relief), an application for stay pursuant to this chapter shall set forth the procedural posture of the case, including the result of any application for relief in any court below or federal court, the specific rule under which a stay or supersedeas is sought, grounds for relief, and, if expedited relief is sought, the nature of the emergency. The application shall also identify and set forth the procedural posture of all related proceedings. **The application shall contain the certificate of compliance required by Pa.R.A.P. 127.**

**Rule 1732. Application for Stay or Injunction Pending Appeal.**

(a) *Application to [lower]trial court.*—Application for a stay of an order of a **[lower]trial** court pending appeal, or for approval of or modification of the terms of any supersedeas, or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal, or for relief in the nature of peremptory mandamus, must ordinarily be made in the first instance to the **[lower]trial** court, except where a prior order under this chapter has been entered in the matter by the appellate court or a judge thereof.

(b) *Contents of application for stay.*—An application for stay of an order of a **[lower]trial** court pending appeal, or for approval of or modification of the terms of any supersedeas, or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal, or for relief in the nature of peremptory mandamus, may be made to the appellate court or to a judge thereof, but the application shall show that application to the **[lower]trial** court for the relief sought is not practicable, or that the **[lower]trial** court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the **[lower]trial** court for its action. The application shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute the application shall be supported by sworn or verified statements or copies thereof. With the application shall be filed such parts of the record as are relevant. Where practicable, the application should be accompanied by the briefs, if any, used in the **[lower]trial** court. **The application shall contain the certificate of compliance required by Pa.R.A.P. 127.**

(c) *Number of copies.*—Seven copies of applications under this rule in the Supreme Court or the Superior Court, and three copies of applications under this rule in the Commonwealth Court, shall be filed with the original.

**Official Note:** The subject matter of this rule was covered by former Supreme Court Rule 62, former Superior Court Rule 53, and former Commonwealth Court Rule 112. The flat seven day period for answer of former Supreme Court Rule 62 (which presumably was principally directed at allocatur practice) has been omitted in favor of the more flexible provisions of **[Rule]Pa.R.A.P.** 123(b).

**Rule 1770. Review of Out of Home Placement in Juvenile Delinquency Matters.**

(a)  *General rule.***[ ]—**If a court under the Juvenile Act, 42 Pa.C.S. § 6301 **[et seq]***et seq*., enters an order after an adjudication of delinquency of a juvenile pursuant to Rules of Juvenile Court Procedure 409(A)(2) and 515, which places the juvenile in an out of home overnight placement in any agency or institution that shall provide care, treatment, supervision**,** or rehabilitation of the juvenile ("Out of Home Placement"), the juvenile may seek review of that order pursuant to a petition for review under Chapter 15 (judicial review of governmental determinations). The petition shall be filed within ten days of the said order.

(b)  *Content.***[ ]—**A petition for review under subdivision (a) shall contain **the following**:

**[(i)](1)** a specific description of any determinations made by the juvenile court;

**[(ii)](2)** the matters complained of;

**[(iii)](3)** a concise statement of the reasons why the juvenile court abused its discretion in ordering the Out of Home Placement;

**[(iv)](4)** the proposed terms and conditions of an alternative disposition for the juvenile; and

**[(v)](5)** a request that the official court reporter for the juvenile court transcribe the notes of testimony as required by **[subdivision]paragraph** (g) of this Rule.

Any order(s) and opinion(s) relating to the Out of Home Placement and the transcript of the juvenile court's findings shall be attached as appendices. The petition shall be supported by a certificate of counsel to the effect that it is presented in good faith and not for delay. **The petition shall contain the certificate of compliance required by Pa.R.A.P. 127.**

(c)  *Objection to specific agency or institution, or underlying adjudication of delinquency, is not permitted.*

(1)  A petition for review under **[subdivision]paragraph** (a) shall not challenge the specific agency or specific institution that is the site of the Out of Home Placement and instead shall be limited to the Out of Home Placement itself.

(2)  A petition for review under **[subdivision]paragraph** (a) shall not challenge the underlying adjudication of delinquency.

(d) *Answer.***[ ]—**Any answer shall be filed within ten days of service of the petition, and no other pleading is authorized. **Any answer shall contain the certificate of compliance required by Pa.R.A.P. 127. [Rule]Pa.R.A.P.** 1517 (applicable rules of pleading) and **[Rule]Pa.R.A.P.** 1531 (intervention) through 1551 (scope of review) shall not be applicable to a petition for review filed under **[subdivision]paragraph** (a).

(e) *Service.***[ ]—**A copy of the petition for review and any answer thereto shall be served on the judge of the juvenile court and the official court reporter for the juvenile court. All parties in the juvenile court shall be served in accordance with **[Rule]Pa.R.A.P.** 121(b) (service of all papers required). The Attorney General of Pennsylvania need not be served in accordance with **[Rule]Pa.R.A.P.** 1514(c) (service), unless the Attorney General is a party in the juvenile court.

(f) *Opinion of juvenile court.***[ ]—**Upon receipt of a copy of a petition for review under **[subdivision]paragraph** (a), if the judge who made the disposition of the Out of Home Placement did not state the reasons for such placement on the record at the time of disposition pursuant to Rule of Juvenile Court Procedure 512 (D), the judge shall file of record a brief statement of the reasons for the determination or where in the record such reasons may be found, within five days of service of the petition for review.

(g) *Transcription of Notes of Testimony.***[ ]—**Upon receipt of a copy of a petition for review under **[subdivision]paragraph** (a), the court reporter shall transcribe the notes of testimony and deliver the transcript to the juvenile court within five business days. If the transcript is not prepared and delivered in a timely fashion, the juvenile court shall order the court reporter to transcribe the notes and deliver the notes to the juvenile court, and may impose sanctions for violation of such an order. If the juvenile is proceeding **[in forma pauperis]*in forma pauperis***, the juvenile shall not be charged for the cost of the transcript. Chapter 19 of the Rules of Appellate Procedure shall not otherwise apply to petitions for review filed under this Rule.

(h) *Non-waiver of objection to placement.***[ ]—**A failure to seek review under this rule of the Out of Home Placement shall not constitute a waiver of the juvenile's right to seek review of the placement in a notice of appeal filed by the juvenile from a disposition after an adjudication of delinquency.


**Official Note:** This Rule provides a mechanism for the expedited review of an order of Out of Home Placement entered pursuant to Rule of Juvenile Court Procedure 515. Rule of Juvenile Court Procedure 512(D) requires the judge who made the disposition of an Out of Home Placement to place the reasons for an Out of Home Placement on the record at the time of the disposition, and **[subdivision]paragraph** (f) of this Rule is only applicable in the exceptional circumstance where the judge who made the disposition of an Out of Home Placement fails to comply with Rule of Juvenile Court

Procedure 512(D). The Juvenile Act, 42 Pa.C.S. § 6352, sets forth the considerations for a dispositional order following an adjudication of delinquency and the alternatives for disposition. The standard for review of a dispositional order is an abuse of discretion. **[See In the Interest of A.D.]**_See In the Interest of A.D._, 771 A.2d 45 (Pa. Super. 2001) **[(en banc)]**(_en banc_).

**Rule 1781. Stay Pending Action on Petition for Review.**

(a) *Application to government unit.*—Application for a stay or supersedeas of an order or other determination of any government unit pending review in an appellate court on petition for review shall ordinarily be made in the first instance to the government unit.

(b) *Contents of application for stay or supersedeas.*—An application for stay or supersedeas of an order or other determination of a government unit, or for an order granting an injunction pending review, or for relief in the nature of peremptory mandamus, may be made to the appellate court or to a judge thereof, but the application shall show that application to the government unit for the relief sought is not practicable, or that application has been made to the government unit and denied, with the reasons given by it for the denial, or that the action of the government unit did not afford the relief which the applicant had requested. The application shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute the application shall be supported by sworn or verified statements or copies thereof. With the application shall be filed such parts, if any, of the record as are relevant to the relief sought. **The application shall contain the certificate of compliance required by Pa.R.A.P. 127.**

(c) *Notice and action by court.*—Upon such notice to the government unit as is required by **[Rule]Pa.R.A.P.** 123 (applications for relief) the appellate court, or a judge thereof, may grant an order of stay or supersedeas, including the grant of an injunction pending review or relief in the nature of peremptory mandamus, upon such terms and conditions, including the filing of security, as the court or the judge thereof may prescribe. Where a statute requires that security be filed as a condition to obtaining a supersedeas, the court shall require adequate security.

**Rule 1931. Transmission of the Record.**

(a)  *Time for transmission.*

(1)  *General rule.*—Except as otherwise prescribed by this rule, the record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the appellate court within 60 days after the filing of the notice of appeal. If an appeal has been allowed or if permission to appeal has been granted, the record shall be transmitted as provided by **[Rule]Pa.R.A.P.** 1122 (allowance of appeal and transmission of record) or by **[Rule]Pa.R.A.P.** 1322 (permission to appeal and transmission of record), as the case may be. The appellate court may shorten or extend the time prescribed by this **[subdivision]paragraph** for a class or classes of cases.

(2)  *Children's fast track appeals.*—In a children's fast track appeal, the record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the appellate court within 30 days after the filing of the notice of appeal. If an appeal has been allowed or if permission to appeal has been granted, the record shall be transmitted as provided by **[Rule]Pa.R.A.P.** 1122 (allowance of appeal and transmission of record) or by **[Rule]Pa.R.A.P.** 1322 (permission to appeal and transmission of record), as the case may be.

(b)  *Duty of [lower]trial court.*—After a notice of appeal has been filed the judge who entered the order appealed from shall comply with **[Rule]Pa.R.A.P.** 1925 (opinion in support of order), shall cause the official court reporter to comply with **[Rule]Pa.R.A.P.** 1922 (transcription of notes of testimony) or shall otherwise settle a statement of the evidence or proceedings as prescribed by this chapter, and shall take any other action necessary to enable the clerk to assemble and transmit the record as prescribed by this rule.

(c)  *Duty of clerk to transmit the record.*—When the record is complete for purposes of the appeal, the clerk of the lower court shall transmit it to the prothonotary of the appellate court. The clerk of the lower court shall number the documents comprising the record and shall transmit with the record a list of the documents correspondingly numbered and identified with sufficient specificity to allow the parties on appeal to identify each document and **whether it is marked as confidential, so as** to determine whether the record on appeal is complete.  **Any Confidential Information Forms and the "Unredacted Version" of any pleadings, documents, or other legal papers where a "Redacted Version" was also filed shall be separated either physically or electronically and transmitted to the appellate court. Whatever is confidential shall be labeled as such. If any case records or documents were sealed in the lower court, the list of documents comprising the record shall specifically identify such records or documents as having been sealed in the lower court.** Documents

of unusual bulk or weight and physical exhibits other than documents shall not be transmitted by the clerk unless he or she is directed to do so by a party or by the prothonotary of the appellate court. A party must make advance arrangements with the clerk for the transportation and receipt of exhibits of unusual bulk or weight. Transmission of the record is effected when the clerk of the lower court mails or otherwise forwards the record to the prothonotary of the appellate court. The clerk of the lower court shall indicate, by endorsement on the face of the record or otherwise, the date upon which the record is transmitted to the appellate court.

(d) *Service of the list of record documents.*—The clerk of the lower court shall, at the time of the transmittal of the record to the appellate court, mail a copy of the list of record documents to all counsel of record, or if unrepresented by counsel, to the parties at the address they have provided to the clerk. The clerk shall note on the docket the giving of such notice.

(e) *Multiple appeals.*—Where more than one appeal is taken from the same order, it shall be sufficient to transmit a single record, without duplication.

(f) *Inconsistency between list of record documents and documents actually transmitted.*—If the clerk of the lower court fails to transmit to the appellate court all of the documents identified in the list of record documents, such failure shall be deemed a breakdown in processes of the court. Any omission shall be corrected promptly pursuant to **[Rule]**Pa.R.A.P. 1926 (correction or modification of the record) and shall not be the basis for any penalty against a party.


**Official Note:** **[Rule]**Pa.R.A.P. 1926 (correction or modification of the record) provides the means to resolve any disagreement between the parties as to what should be included in the record on appeal.

\*\*\*

**Rule 1952. Filing of Record in Response to Petition for Review.**

(a) *Time and notice.*—Where under the applicable law the question raised by a petition for review may be determined in whole or in part upon the record before the government unit, the government unit shall file the record with the prothonotary of the court named in the petition for review within 40 days after service upon it of the petition. The court may shorten or extend the time prescribed in this **[subdivision]paragraph**. The prothonotary shall give notice to all parties of the date on which the record is filed.

(b) *Certificate of record.*—The government unit shall certify the contents of the record and a list of all documents, transcripts of testimony, exhibits and other material comprising the record. The government unit shall (1) arrange the documents to be certified in chronological order, (2) number them, and (3) affix to the right or bottom edge of the first page of each document a tab showing the number of that document. These shall be bound and shall contain a table of contents identifying each document in the record. **If any documents or case records were maintained as confidential in the government unit, the list of documents that comprise the record shall specifically identify such documents or the entire record as having been maintained as confidential, and the government unit shall either physically or electronically separate such documents.** The certificate shall be made by the head, chairman, deputy, or secretary of the government unit. The government unit may file the entire record or such parts thereof as the parties may designate by stipulation filed with the government unit. The original papers in the government unit or certified copies thereof may be filed.

Instead of filing the record or designated parts thereof, the government unit may file a certified list of all documents, transcripts of testimony, exhibits, and other material comprising the record, or a certified list of such parts thereof as the parties may designate, adequately describing each, and the filing of the certified list shall constitute filing of the record. **If any documents or case records were maintained as confidential in the government unit, the list of documents that comprise the record shall specifically identify such documents or the entire record as having been maintained as confidential.** The parties may stipulate that neither the record nor a certified list be filed with the court. The stipulation shall be filed with the prothonotary of the court, and the date of its filing shall be deemed the date on which the record is filed. If a certified list is filed, or if the parties designate only parts of the record for filing or stipulate that neither the record nor a certified list be filed, the government unit shall retain the record or parts thereof. Upon request of the court or the request of a party, the record or any part thereof thus retained shall be transmitted to the court notwithstanding any prior stipulation. All parts of the record retained by the government unit shall be a part of the record on review for all purposes.

(c) *Notice to counsel of contents of certified record.*—At the time of transmission of the record to the appellate court, the government unit shall send a copy of the list of the contents of the certified record to all counsel of record, or, if a party is unrepresented by counsel, to that party at the address provided to the government unit.

**Official Note:** The addition of **[subdivision]paragraph** (c) in 2012 requires government units other than courts to notify counsel of the contents of the certified record. This is an extension of the requirement in **[Rule]Pa.R.A.P.** 1931 (transmission of the record) that trial courts give such notice.

\*\*\*

**Rule 2111. Brief of the Appellant.**

(a)  *General rule.*—The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1)  Statement of jurisdiction.

(2)  Order or other determination in question.

(3)  Statement of both the scope of review and the standard of review.

(4)  Statement of the questions involved.

(5)  Statement of the case.

(6)  Summary of argument.

(7)  Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)  Argument for appellant.

(9)  A short conclusion stating the precise relief sought.

(10)  The opinions and pleadings specified in **[Subdivisions]paragraphs** (b) and (c) of this rule.

(11)  In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to **[Rule]Pa.R.A.P.** 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

**(12)   The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).**

(b)  *Opinions below.*—There shall be appended to the brief a copy of any opinions delivered by any **trial** court**, intermediate appellate court,** or other government unit **[below]** relating to the order or other determination under review, if pertinent to the questions involved. If an opinion has been reported, that fact and the appropriate citation shall also be set forth.

(c)  *Pleadings.*—When pursuant to **[Rule]Pa.R.A.P.** 2151(c) (original hearing cases) the parties are not required to reproduce the record, and the questions presented

43

involve an issue raised by the pleadings, a copy of the relevant pleadings in the case shall be appended to the brief.

  (d)  *Brief of the Appellant.*—In the Superior Court, there shall be appended to the brief of the appellant a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b). If the trial court has not entered an order directing the filing of such a statement, the brief shall contain an averment that no order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered by the trial court.


  **Official Note:**  The 1999 amendment requires a statement of the scope and standard of review. "'Scope of review' refers to 'the confines within which an appellate court must conduct its examination.' (Citation omitted.) In other words, it refers to the matters (or 'what') the appellate court is allowed to examine. In contrast, 'standard of review' refers to the manner in which (or 'how') that examination is conducted." *Morrison v. Commonwealth, Dept. of Public Welfare*, **[538 Pa. 122, 131, ]**646 A.2d 565, 570 (**Pa.** 1994). This amendment incorporates the prior practice of the Superior Court pursuant to Pa.R.A.P. 3518 which required such statements. Accordingly, **[Rule]Pa.R.A.P.** 3518 has been rescinded and its requirement is now subsumed under paragraph (a)(2) of this Rule.

  Pa.R.A.P. 2119(f) requires a separate statement of reasons that an appellate court should allow an appeal to challenge the discretionary aspects of a sentence. The 2008 amendments recognize that, while Pa.R.A.P. 2119(f) does not apply to all appeals, an appellant must include the reasons for allowance of appeal as a separate enumerated section immediately before the Argument section if he or she desires to challenge the discretionary aspects of a sentence.

***

**Rule 2112. Brief of the Appellee.**

The brief of the appellee, except as otherwise prescribed by these rules, need contain only a summary of argument and the complete argument for appellee, and may also include counter-statements of any of the matters required in the appellant's brief as stated in Pa.R.A.P. 2111(a). Unless the appellee does so, or the brief of the appellee otherwise challenges the matters set forth in the appellant's brief, it will be assumed the appellee is satisfied with them, or with such parts of them as remain unchallenged. **The brief of the appellee shall contain the certificates of compliance required by Pa.R.A.P. 127 and 2135(d).**

**Official Note:** *See* Pa.R.A.P. 2111 and 2114—2119.

**Rule 2113. Reply Brief.**

(a)  *General rule.*—In accordance with **[Rule]Pa.R.A.P.** 2185(a) (time for serving and filing briefs), the appellant may file a brief in reply to matters raised by appellee's brief or in any **[amicus curiae]***amicus curiae* brief and not previously addressed in appellant's brief. If the appellee has cross appealed, the appellee may file a similarly limited reply brief. **A reply brief shall contain the certificates of compliance required by Pa.R.A.P. 127 and 2135(d).**

(b)  *Response to draft or plan.*—A reply brief may be filed as prescribed in **[Rule]Pa.R.A.P.** 2134 (drafts or plans).

(c)  *Other briefs.*—No further briefs may be filed except with leave of court.

**Official Note:**  An appellant now has a general right to file a reply brief. The scope of the reply brief is limited, however, in that such brief may only address matters raised by appellee and not previously addressed in appellant's brief. No subsequent brief may be filed unless authorized by the court.

The length of a reply brief is set by **[Rule]Pa.R.A.P.** 2135 (length of briefs). The due date for a reply brief is found in **[Rule]Pa.R.A.P.** 2185(a) (service and filing of briefs).

Where there are cross appeals, the deemed or designated appellee may file a similarly limited reply brief addressing issues in the cross appeal. **[See also Rule]***See also* **Pa.R.A.P.** 2136 (briefs in cases involving cross appeals).

The 2011 amendment to **[subdivision]paragraph** (a) authorized an appellant to address in a reply brief matters raised in **[amicus curiae]***amicus curiae* briefs. Before the 2011 amendment, the rule permitted the appellant to address in its reply brief only matters raised in the appellee's brief. The 2011 amendment did not change the requirement that the reply brief must not address matters previously addressed in the appellant's principal brief.

***

**Rule 2152. Content and Effect of Reproduced Record.**

(a) *General rule.*—The reproduced record shall contain **the following**:

(1) The relevant docket entries and any relevant related matter (**[see Rule]***see* **Pa.R.A.P.** 2153 (docket entries and related matter)).

(2) Any relevant portions of the pleadings, charge or findings (**[see Rule]***see* **Pa.R.A.P.** 2175(b) (order and opinions) which provides for a cross reference note only to orders and opinions reproduced as part of the brief of appellant).

(3) Any other parts of the record to which the parties wish to direct the particular attention of the appellate court.

**(4) The certificate of compliance required by Pa.R.A.P. 127.**

(b) *Immaterial formal matters.*—Immaterial formal matters (captions, subscriptions, acknowledgments, etc.) shall be omitted.

(c) *Effect of reproduction of record.*—The fact that parts of the record are not included in the reproduced record shall not prevent the parties or the appellate court from relying on such parts.

**(d) "Confidential Information" and "Confidential Documents", as those terms are defined in the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*, shall appear in the reproduced record in the same manner and format as they do in the original record.**

**Official Note:** The general rule has long been that evidence which has no relation to or connection with the questions involved must not be reproduced. **[See]***See* former Supreme Court Rule 44, former Superior Court Rule 36 and former Commonwealth Court Rule 88. **[See also, e.g.,]***See also, e.g.,* Shapiro v. Malarkey, **[278 Pa. 78, 84, ]**122 A**[tl]**. 341, 342**[, 29 A.L.R. 1358]** (**Pa.** 1923); *Sims v. Pennsylvania R.R. Co.*, **[279 Pa. 111, 117,]** 123 A**[tl]**. 676, 679 (Pa. 1924).

**[See Rule]***See* **Pa.R.A.P.** 2189 for procedure in cases involving the death penalty.

**The *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* ("Public Access Policy") does not apply retroactively to pleadings, documents, or other legal papers filed prior to the effective date of the Public Access Policy. Reproduced records may therefore**

**contain pleadings, documents, or legal papers that do not comply with the Public Access Policy if they were originally filed prior to the effective date of the Public Access Policy.**

**Rule 2156. Supplemental Reproduced Record.**

When, because of exceptional circumstances, the parties are not able to cooperate on the preparation of the reproduced record as a single document, the appellee may, in lieu of proceeding as otherwise provided in this chapter, prepare, serve, and file a **[Supplemental Reproduced Record]supplemental reproduced record** setting forth the portions of the record designated by the appellee. **A supplemental reproduced record shall contain the certificate of compliance required by Pa.R.A.P. 127. "Confidential Information" and "Confidential Documents", as those terms are defined in the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*, shall appear in the reproduced record in the same manner and format as they do in the original record.**

**Official Note:** Former Supreme Court Rules 36, 38 and 57, former Superior Court Rules 28, 30, and 47 and former Commonwealth Court Rules 32A, 82, and 84 all inferentially recognized that a supplemental record might be prepared by the appellee, but the former rules were silent on the occasion for such a filing. The preparation of a single reproduced record has obvious advantages, especially where one party designates one portion of the testimony, and the other party designates immediately following testimony on the same subject. However, because of emergent circumstances or otherwise, agreement on the mechanics of a joint printing effort may collapse, without affording sufficient time for the filing and determination of an application for enforcement of the usual procedures. In that case an appellee may directly present the relevant portions of the record to the appellate court.

As the division of the reproduced record into two separate documents will ordinarily render the record less intelligible to the court and the parties, the preparation of a supplemental reproduced record is not favored and the appellate court may suppress a supplemental record which has been separately reproduced without good cause.

**The *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* ("Public Access Policy") does not apply retroactively to pleadings, documents, or other legal papers filed prior to the effective date of the Public Access Policy. Supplemental reproduced records may therefore contain pleadings, documents, or legal papers that do not comply with the Public Access Policy if they were originally filed prior to the effective date of the Public Access Policy.**

**Rule 2171. Method of Reproduction. Separate Brief and Record.**

(a)  *General Rule.*—Briefs and reproduced records may be reproduced by any duplicating or copying process which produces a clear black image on white paper. Briefs and records shall comply with the requirements of **[Rule]Pa.R.A.P.** 124 and shall be firmly bound at the left margin.

(b)  *Separate brief and record.*—In all cases the reproduced record may be bound separately, and must be if it and the brief together contain more than 100 pages **or if the reproduced record contains "Confidential Information" or "Confidential Documents", as those terms are defined in the** *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* **("Public Access Policy"), in any pleadings, documents, or legal papers originally filed after the effective date of the Public Access Policy.**

**Official Note**:    See Rule 124 (form of papers; number of copies) for general provisions on quality, size and format of papers (including briefs and reproduced records) filed in Pennsylvania courts.

**Rule 2544. Contents of Application for Reargument.**

(a)  *General rule.*—The application for reargument need not be set forth in numbered paragraphs in the manner of a pleading, and shall contain the following (which shall, insofar as practicable, be set forth in the order stated):

(1)  A reference to the order in question, or the portions thereof sought to be reargued, and the date of its entry in the appellate court. If the order is voluminous, it may, if more convenient, be appended to the application.

(2)  A specification with particularity of the points of law or fact supposed to have been overlooked or misapprehended by the court.

(3)  A concise statement of the reasons relied upon for allowance of reargument. **[See Rule]***See* **Pa.R.A.P.** 2543 (considerations governing allowance of reargument).

(4)  There shall be appended to the application a copy of any opinions delivered relating to the order with respect to which reargument is sought, and, if reference thereto is necessary to ascertain the grounds of the application for reargument, slip opinions in related cases. If whatever is required by this paragraph to be appended to the application is voluminous, it may, if more convenient, be separately presented.

(b)  *No supporting brief.*—All contentions in support of an application for reargument shall be set forth in the body of the application as prescribed by paragraph (a)(3) of this rule. No separate brief in support of an application for reargument will be received, and the prothonotary of the appellate court will refuse to file any application for reargument to which is annexed or appended any supporting brief.

(c)  *Length.*—Except by permission of the court, an application for reargument shall not exceed 3,000 words, exclusive of pages containing table of contents, table of citations and any addendum containing opinions, etc., or any other similar supplementary matter provided for by this rule.

(d)  *Certificate of compliance.***[—]**

**(1)  *Word count.*—**An application for reargument that does not exceed 8 pages when produced on a word processor or typewriter shall be deemed to meet the limitation in **[subdivision]paragraph** (c) of this rule. In all other cases, the attorney or unrepresented filing party shall include a certification that the application for reargument complies with the word count limits. The certificate may be based on the word count of the word processing system used to prepare the application for reargument.

**(2)** ***Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts.—An application for reargument shall contain the certificate of compliance required by Pa.R.A.P. 127.***

(e)  *Essential requisites of application.*—The failure of an applicant to present with accuracy, brevity, and clearness whatever is essential to a ready and adequate understanding of the points requiring reconsideration will be a sufficient reason for denying the application.

(f)  *Multiple applicants.*—Where permitted by **[Rule]Pa.R.A.P.** 512 (joint appeals) a single application for reargument may be filed.

**Rule 2545. Answer to Application for Reargument**.

(a) *General rule.*—Except as otherwise prescribed by this rule, within 14 days after service of an application for reargument, an adverse party may file an answer. The answer shall be deemed filed on the date of mailing if first class, express, or priority United States Postal Service mail is utilized. The answer need not be set forth in numbered paragraphs in the manner of a pleading. The answer shall set forth any procedural, substantive or other argument or ground why the court should not grant reargument. **The answer shall contain the certificate of compliance required by Pa.R.A.P. 127.** No separate motion to dismiss an application for reargument will be received. A party entitled to file an answer under this rule who does not intend to do so shall, within the time fixed by these rules for filing an answer, file a letter stating that an answer to the application for reargument will not be filed. The failure to file an answer will not be construed as concurrence in the request for reargument.

(b) *Children's fast track appeals*.—In a children's fast track appeal, within 7 days after service of an application for reargument, an adverse party may file an answer. The answer shall be deemed filed on the date of mailing if first class, express, or priority United States Postal Service mail is utilized. The answer need not be set forth in numbered paragraphs in the manner of a pleading. The answer shall set forth any procedural, substantive or other argument or ground why the court should not grant reargument. **The answer shall contain the certificate of compliance required by Pa.R.A.P. 127.** No separate motion to dismiss an application for reargument will be received. A party entitled to file an answer under this rule who does not intend to do so shall, within the time fixed by these rules for filing an answer, file a letter stating that an answer to the application for reargument will not be filed. The failure to file an answer will not be construed as concurrence in the request for reargument.

**Rule 2751. Applications for Further Costs and Damages.**

An application for further costs and damages must be made before the record is remanded, unless the appellate court, for cause shown, shall otherwise direct. Such an application must set forth specifically the reasons why it should be granted, and shall be accompanied by the opinion of the court and the briefs used therein. **An application for further costs and damages shall contain the certificate of compliance required by Pa.R.A.P. 127.**

**Official Note:** Based on former Supreme Court Rule 65 and former Superior Court Rule 56, and makes no change in substance.